No. 26-11705

In the
**United States Court of Appeals
For the Eleventh Circuit**

JENNIFER AUER JORDAN and SHAMIRACLE J. RANKIN,

*Plaintiffs – Appellees*

v.

VICTORIA S. DARRISAW, et al.,

*Defendants – Appellants*

Appeal from the United States District Court
For the Middle District of Georgia
No. 1:26-cv-00057-LAG

## APPELLEES' SEALED MOTION TO RECUSE

Roy E. Barnes
John R. Bartholomew
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, Georgia 30060
(770) 419-8505

Bryan L. Sells
The Law Office of
Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212

S. Lester Tate, III
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780

W. Matthew Wilson
Bell Wilson Law, LLC
750 Piedmont Avenue NE
Atlanta, Georgia 30308
(678) 916-8758

*Attorneys for the Appellees*

The appellees respectfully move under 28 U.S.C. § 455(a) for the recusal of the Honorable Elizabeth L. Branch and the Honorable Britt C. Grant from this appeal, including from the appellants' pending emergency motion to stay. Counsel files this motion only after careful reflection. The relationships described below are publicly known; are openly acknowledged by the judges themselves; and reflect nothing improper. The appellees do not suggest otherwise. The motion rests on nothing other than the objective appearance standard set out in § 455(a) and the unusual posture of this case, which makes the question of appearance one that the undersigned must raise on behalf of their clients.

## Background

This appeal arises from a First Amendment challenge to the application of three provisions of Georgia's Code of Judicial Conduct to two candidates for the Supreme Court of Georgia— Jennifer Auer Jordan and ShaMiracle J. Rankin. The plaintiffs are the two challengers in the May 19, 2026, election for the seats

currently held by Justice Sarah Hawkins Warren and Justice Charlie Bethel. The election is three days away.

On May 15, 2026, the district court entered a temporary restraining order under seal. Within approximately two hours, the defendants filed their notice of appeal, and at about 5:00 p.m. on the same day, they filed in this Court an emergency motion to stay the temporary restraining order. This Court has set an expedited briefing schedule.

Although Justice Warren is not a party, the relief at issue bears directly on her continued service on the Supreme Court of Georgia. The conduct that the Special Committee has identified as a prohibited "endorsement"—the appellees' joint campaign appearances and their joint commercial—is core campaign activity in the very race in which Justice Warren is the incumbent. The disposition of this appeal will therefore affect Justice Warren in the most personal way one can affect a sitting judge: it will affect whether she retains her seat.

## The Relationships at Issue

This motion focuses on the relationships between Judges Branch and Grant, on the one hand, and Justice Warren, on the other.

*First*, Judge Grant and Justice Warren have a longstanding, close personal and professional relationship that extends back more than a decade. Both began their careers as litigators in the Washington, D.C., office of Kirkland & Ellis LLP. When Judge Grant became Solicitor General of Georgia, she recruited Justice Warren to leave Kirkland and return home to serve as her Deputy Solicitor General. Justice Warren has described that recruitment in personal terms in a published interview: "The solicitor general at the time was Britt Grant, a former Kirkland colleague and a good friend. She's now a justice on our Supreme Court. I came home to work as her deputy." Frances Presma, *Sarah Hawkins Warren '08*, Duke Law Magazine 64, 65 (Winter 2018). When Judge Grant was appointed to the Supreme Court of Georgia, Justice Warren succeeded her as Solicitor General. When Judge Grant was elevated to this Court, Justice Warren was appointed to the seat

Judge Grant had vacated on the Supreme Court of Georgia—the seat now at issue in the underlying election.

*Second*, three days ago—on May 13, 2026—Judge Branch participated as a panelist in the Georgia Roundtable session at the Eleventh Circuit Judicial Conference. Undersigned counsel was present. Judge Branch spoke at length, and movingly, about the deep and abiding personal relationship among herself, Judge Grant, and Justice Warren.

*Third*, on October 4, 2024, Judges Branch and Grant appeared on stage with Justice Warren at the Federalist Society's Inaugural Georgia Chapters Conference in Atlanta. The three of them were the featured speakers on a panel titled "Fireside Chat—View from the Fifty Yard Line." They appeared together publicly, as friends and colleagues, approximately eighteen months before the election to which this litigation directly pertains.

None of these facts is hidden, and none reflects anything inappropriate. To the contrary, the closeness of the three women is well known in the Atlanta legal community, and Judges Branch and Grant have themselves spoken about it openly. The appellees

raise these facts only because § 455(a) requires that the question of appearance be measured against the perspective of an objective observer fully informed of them.

**Legal Standard**

Section 455(a) directs that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This Court applies an objective test: "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Kelly*, 888 F.2d 732, 744–45 (11th Cir. 1989) (citations omitted); *accord Shuler v. Duke,* 792 F. App'x 697, 705–06 (11th Cir. 2019). What matters is "not the reality of bias or prejudice, but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994).

In applying that standard to a federal judge's friendship with a person whose interests are at stake in a case, the Supreme Court

has drawn a meaningful line. As Justice Scalia explained, friendship "is a ground for recusal of a Justice where the personal fortune or the personal freedom of the friend is at issue," even though it traditionally has not been a ground for recusal in suits challenging only the friend's "official action," however important the official action may be to the friend's "ambitions or … reputation." *Cheney v. U.S. Dist. Ct.,* 541 U.S. 913, 916 (2004) (memorandum of Scalia, J.).

## Discussion

This case is the unusual one—it falls on the "personal fortune" side of the *Cheney* line. *Id.* Justice Warren is not a party, but the question this Court will decide on appeal will affect, in a direct and concrete way, whether she retains her seat on the Supreme Court of Georgia. That is the paradigmatic personal stake.

Against that backdrop, an objective, disinterested observer fully informed of the relationships described above would entertain a significant doubt about the impartiality of Judges Branch and

Grant in this appeal. These are not the kind of ordinary professional ties—being colleagues on the same circuit, having attended the same conferences, or having served at related institutions—that this Court has consistently held insufficient under § 455(a). *See Shuler*, 792 F. App'x at 705–06. They are documented, longstanding, and openly affirmed personal friendships: in Judge Grant's case, in Justice Warren's own published account of their friendship and Judge Grant's recruitment of her, followed by an extraordinary chain of direct succession that placed Justice Warren in Judge Grant's former office and then in Judge Grant's former seat; in Judge Branch's case, in her own recent public remarks describing the relationship as deep and abiding; and in the case of both judges, in their shared public appearance with Justice Warren on a featured panel of the Federalist Society's Inaugural Georgia Chapters Conference only eighteen months before the election to which this case relates.

Combined with the direct effect this appeal may have on Justice Warren's continued tenure on the Supreme Court of Georgia, these circumstances are the kind in which the objective

lay observer described in *Kelly* and *Shuler* would reasonably question the panel's impartiality. The motion is brought promptly upon the docketing of this appeal and is timely.

## Conclusion

For these reasons, the appellees respectfully request that Judges Branch and Grant recuse themselves from this appeal, including from the pending emergency motion to stay.

Respectfully submitted this 16th day of May, 2026.

**/s/ Roy E. Barnes**
Roy E. Barnes
Georgia Bar No. 039000
John R. Bartholomew
Georgia Bar No. 257089
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, Georgia 30060
(770) 419-8505
roy@barneslawgroup.com
jbartholomew@barneslawgroup.com

**/s/ S. Lester Tate, III**
S. Lester Tate, III
Georgia Bar No. 698835
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780
lester@akin-tate.com

**/s/ Bryan Sells**
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

**/s/ W. Matthew Wilson**
W. Matthew Wilson
Georgia Bar No. 392385
Bell Wilson Law, LLC
750 Piedmont Avenue NE
Atlanta, Georgia 30308
(678) 916-8758
matthew@bellwilsonlaw.com

*Attorneys for the Appellees*

## Certificate of Compliance

This document complies with the type-volume limitation of Rule 27(d) of the Federal Rules of Appellate Procedure because, excluding parts of the document exempted by Rule 32(f), it contains 1,244 words. This document also complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it has been prepared in 14-point Century Schoolbook font using Microsoft Word for Mac.

**/s/ Bryan L. Sells**
Attorney for the Appellees
May 16, 2026

## Certificate of Service

I hereby certify that I have served this sealed document on all attorneys of record for the appellants by electronic mail and that all such attorneys have consented in writing to electronic service.


**/s/ Bryan L. Sells**
Attorney for the Appellees
May 16, 2026